[Crim. No. 2469. Second Appellate District, Division Two.—May 11, 1934.]

THE PEOPLE, Respondent, v. PAUL T. FRANTZ, Appellant.

Richard H. Cantillon for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

STEPHENS, P. J.—The appellant was convicted of two counts of manslaughter and one count violating section 141, California Vehicle Act (Stats. 1923, as amended Stats. 1929, pp. 508, 544, chap. 254) in that he did not stop immediately; did not exhibit operator's license; did not give his name and address and motor registration number; and did not attempt to render reasonable assistance after the automobile he was operating had collided with and had fatally

wounded two pedestrians. A motion for a new trial was made and denied as to each verdict of guilt and judgment was pronounced upon each such verdict. Appellant appeals from the orders and the judgments. Appellant concedes that the evidence is sufficient to support the judgments but contends that it is conflicting and that errors in instructing the jury may well have influenced the jury's conclusions.

A review of the evidence establishes, with scarcely any conflict, that appellant was accompanied by a young lady as he drove a borrowed light truck on a four-way lighted city street and that just about the instant the truck entered the intersection of a cross-street it struck a man and woman, killing them almost instantly. The truck was on its right side of the street, was being driven, according to evidence, from five to fifteen miles per hour faster than the law permitted at that place and was mechanically in poor repair as to the brakes and clutch. There is strong evidence that but one headlight was burning. Appellant testified that he saw but one person and that he was practically upon that person when he first saw him. That he swerved the truck, but felt the impact and saw him fall. He further testified that he slackened his pace, drove to the first place he could park at the curb about a block from the scene of the accident and went back. A crowd had already gathered. He saw the two victims, knew that an ambulance had been called and at the earnest solicitation of his companion, took her to a street-car which she boarded for home. He then drove the truck to the owner's place of business, told him he had had an accident, but not that it had caused death, and went away. He was arrested about two hours afterward.

There is testimony from a number of persons who were at the scene of the accident within a few minutes after its happening that no person appeared asserting that he was the driver of the truck and that those present were looking for the driver. There is, however, convincing corroborating testimony that the truck was parked for a time where appellant said it was parked soon after the accident.

There would seem to be no essential conflict in the testimony except as to the count that the driver did not immediately stop, etc., but there is substantial testimony supporting the verdict of guilty on this count. The instructions particularly referring to this count are in the phrase-

ology of the statute and are accurate. It will then be of no avail to further refer to this count. No reversal of the order or the judgment can be had.

From the statement of fact herein made, the instructions would have to be exceedingly objectionable to cause a reversal of the manslaughter verdicts. It is true that there are several duplications of instructions, mostly caused by the fact that there were two counts of the same nature tried together. The duplications should not have occurred, but the nature of the asserted prejudice to appellant is not pointed out except in very general terms.

There are some inconsistencies in the instructions but they are favorable rather than prejudicial to appellant. For instance, the court gave an instruction which correctly states the degree of lack of "caution and circumspection" required for conviction in a manslaughter case (sec. 192, par. 2, Pen. Code) and then gave another instruction to the effect that such lack of caution and circumspection must be in a much greater degree to justify a conviction.

Appellant offered several instructions which were refused and some of them we think could well have been given, but they were essentially covered by other instructions that were given. It would require a very long opinion, and, as we see it, would serve no useful purpose to quote either the instructions complained of or the proposed instructions which were not given. We are convinced that appellant suffered no prejudice in the matter of the instructions.

We are constrained to add that this is a typical automobile fatality case wherein no act of the driver was malicious or of an abandoned nature. Without applying such notice to any issue in this case, we can and do take judicial notice of the fact that veritable wrecks incapable of being safely controlled are habitually driven over our streets; and that cars in both good and bad repair are habitually driven beyond the legal speed limit zigzagging from one traffic lane to another and "cutting in" without regard to others as anxious to save time as they and totally without regard to persons using the only natural method of locomotion by walking across streets. In this regard there are innumerable drivers potentially as guilty as this appellant who took a chance, killed two human beings and consigned himself to

502

state prison. The judge of the trial court mercifully ordered that the judgments should run concurrently.

The judgments and the ruling on the motion for new trial are affirmed.

Desmond, J., and Archbald, J., *pro tem.*, concurred.